{¶ 26} I respectfully dissent from my learned colleagues in the majority. I believe that there is substantial evidence in the record supporting the trial court's decision. Officer Barrett and Officer Anderson re-enacted the accident scene on three separate occasions, and each result was the same. The operation of negotiating the tram around the turnaround required the second unit of the tram to follow the same path that the first unit followed.[1]
 {¶ 27} The fact that appellant was not hit by the first unit of the tram car demonstrates that he must have entered the tram's path in-between the first and second units. The only way the second car could have struck appellant in this case *Page 12 
is if he inadvertently moved into the path of the second car after the first car had already passed. Accordingly, the evidence demonstrates that the driver's actions in this case did not contribute to the accident.
 {¶ 28} Moreover, this particular tram was not used for transporting people or property on a highway. It was used for transporting zoo patrons in and around zoo property. Zoo patrons are not transported between different Cleveland Metroparks by riding this tram on public highways.
 {¶ 29} The tram involved in this case is not licensed or registered for use on a highway and is an open-air vehicle that has neither windows, doors, nor seat belts. Accordingly, based on the evidence in this case, I believe this particular tram is not a "motor vehicle"for purposes of qualifying for the exception to immunity under R.C.2744.02(B)(1).
 {¶ 30} Accordingly, I would affirm the lower court.
[1] Barrett aff., R. 28 at Ex. B, ¶6; Anderson aff., R. 28 at Ex. C, f7. *Page 1